[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE JULY 12, 1996 DATE OF APPLICATION JULY 16, 1996 DATE OF APPLICATION FILED JULY 26, 1996 DATE OF DECISION FEBRUARY 27, 2001 CT Page 4639
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Waterbury, Docket No. CR 95-238335.
Theresa Dalton, Esq. Defense Counsel, for Petitioner
Maureen Egan, Esq. Assistant States Attorney, Counsel for the State
 BY THE DIVISION
The petitioner was convicted by a jury of the crimes of Felony Murder and Burglary in the Third Degree. The petitioner was sentenced to a 48 year period of incarceration. It is this sentence the petitioner seeks to have reviewed.
The underlying factual basis for the offense is that on the night in question the petitioner was in the possession of a screwdriver and with the intent to steal the vehicle's radio he entered the motor vehicle of another in a cafe parking lot and removed the vehicle's radio triggering a burglar alarm. The victim who was employed by the cafe as a doorman attempted to thwart the theft and pursued the perpetrator of the burglary and apprehended him. A struggle ensued and the victim was stabbed in the head with a screwdriver by the petitioner. The blow was fatal.
Counsel for petitioner indicated at the hearing before the Division that the petitioner, despite being abandoned by his father, was part of a close-knit family which was comprised of his mother and sister. Counsel indicated petitioner attended a technical high school and was skilled in automobile mechanics. At the time of the offense the petitioner was employed by United Parcel Service. Counsel for petitioner emphasized that the crime was in the nature of a larceny sixth and as such the resulting sentence is excessive. Counsel stressed that the petitioner has potential for the future.
The petitioner addressed the Division and indicated he understood "the magnitude of what has happened, "I'm sorry — it was an accident."
Counsel for the State countered by indicating the victim in this matter CT Page 4640 was 23 years of age and was simply doing his job at the time of the incident and the confrontation.
Counsel for the State indicated further that the claim of petitioner that the incident was an accidental stabbing defies the facts as articulated in 51 Conn. App. 798 wherein the petitioner thrust the screwdriver 5" into the head of the victim which caused his death.
The sentencing court recognized "that the petitioner did not have a history of violence, that he did not go out that night with the intention to kill anybody." But the court also "recognized that he did go out with the intention to commit a felony. That once he was caught, he acted — reacted with strong violence and you simply do not stick a screwdriver into a man's head `accidentally.'" . . . The court also noted that the victim was "somebody who was courageous enough to try to stop a crime from being committed even though it wasn't his. . . ."[1]
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.